IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JANE DOE, § § § *Plaintiff,* § § v. § Case No.: _____ § BRETT DILLON PARSONS, § § *Defendant.* § | |

# COMPLAINT

For her Complaint against the Defendant, the Plaintiff states to the Court and the Jury as follows:

## I. INTRODUCTION

1. This case involves two instances of non-consensual dissemination of intimate images—more commonly known as "revenge porn"—by a Defendant who has already been prosecuted and found guilty for his misconduct.

2. Because the Defendant has already been adjudicated guilty of the claims at issue here—and because the Plaintiff is otherwise entitled to relief from the Defendant under 15 U.S.C. § 6851(b)(1)(A)—the Plaintiff seeks liquidated damages and all additional relief available to her under 15 U.S.C. § 6851(b)(3).

## II. PARTIES

3. Plaintiff Jane Doe is a citizen of Tennessee and a citizen and resident of Cumberland County, Tennessee. She may be contacted through counsel.

4. Defendant Brett Dillon Parsons is a citizen of Tennessee and a resident of

Cumberland County, Tennessee. He may be served with process at his residence located at 123 Waukesha Dr. Crossville, TN 38572, or wherever he may be found.

### III. JURISDICTION AND VENUE

5. The Plaintiff brings this lawsuit pursuant to 15 U.S.C. § 6851, *et seq.*, a federal statute governing civil actions relating to the unauthorized disclosure of intimate images.

6. This Court has original jurisdiction over the federal questions presented in this lawsuit under 28 U.S.C. § 1331.

7. Venue lies in this Court pursuant to 28 U.S.C. 1391(b)(1)–(2).

### IV. FACTUAL ALLEGATIONS

8. On or about September 12, 2023, Defendant Parsons disseminated two fully nude, surreptitiously-captured images of the Plaintiff to another individual without the Plaintiff's knowledge or consent.

9. The first image of the Plaintiff that Defendant Parsons disseminated included an "intimate visual depiction" of the Plaintiff that depicted the Plaintiff's uncovered pubic area or post-pubescent female nipple within the meaning of 15 U.S.C. § 6851(a)(5)(A)(i).

10. The second image of the Plaintiff that Defendant Parsons disseminated included an "intimate visual depiction" of the Plaintiff that depicted the Plaintiff's uncovered anus within the meaning of 15 U.S.C. § 6851(a)(5)(A)(i).

11. The images were obtained by the Defendant surreptitiously and without the Plaintiff's consent.

12. In particular, and without the Plaintiff's knowledge or consent, the Defendant installed a hidden video camera in the Plaintiff's living area that captured the

Plaintiff coming out of her bathroom after showering.

13. After secretly recording the Plaintiff using a hidden video camera, the Defendant isolated nude images of the Plaintiff and transmitted them to another person over the internet via Facebook messenger.

14. The Plaintiff had never given Defendant Parsons permission to create—much less disseminate—these images.

15. Defendant Parsons did not have the Plaintiff's permission to create or send either image.

16. Despite lacking the Plaintiff's permission to create or send either image, the Defendant sent the images to another person without the Plaintiff's knowledge or consent.

17. The Plaintiff later discovered that the Defendant had disseminated two fully nude images of her to another person without her consent.

18. Afterward, the Plaintiff sought to have the Defendant criminally prosecuted.

19. On June 24, 2024, the Cumberland County Grand Jury returned a true bill against Defendant Parsons.

20. The Defendant was thus indicted for unlawful photography and dissemination of a photograph which included "the unclothed intimate area of [the Plaintiff's] body, and would be considered offensive or embarrassing by" the Plaintiff, pursuant to Tenn. Cod Ann. § 39-13-605. **Ex. 1** (Indictment).

21. On September 3, 2024, Defendant Parsons entered a *Plea of Guilty* to the offense of Unlawful Photography, a Class A misdemeanor under Tennessee law. **Ex. 2** (Criminal Case Documents), at 1–2.

22. The Defendant was granted diversion associated with his crimes, a material condition of which was that the Defendant admit his guilt. *Id.* at 1–4.

## V. CAUSES OF ACTION

### COUNT I : 
### 15 U.S.C. § 6851 – IMAGE #1

23. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

24. 15 U.S.C. § 6851(b)(1)(A) provides that:

Except as provided in paragraph (4), an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

*Id.*

25. On or about September 12, 2023, Defendant Parsons disseminated an image of the Plaintiff over the internet, via Facebook messenger, without the Plaintiff's consent.

26. The image, which depicts the Plaintiff fully nude from her front side, is an intimate visual depiction of the Plaintiff.

27. The Plaintiff did not consent to such disclosure.

28. Defendant Parsons knew he did not have the Plaintiff's consent to disseminate the image, but he did so anyway.

29. As a result of Defendant Parsons's unlawful dissemination of the image, the Plaintiff has suffered severe emotional and reputational harm.

30. Criminal charges were brought against the Defendant for causing or contributing to the Plaintiff's injury.

31. The conduct, transaction, or occurrence that gives rise to this cause of action

for civil damages was the subject of a criminal prosecution commenced within one year by a law enforcement officer, a district attorney general, a grand jury.

32. This cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

33. Defendant Parsons is liable to the Plaintiff under 15 U.S.C. § 6851(b)(1)(A).

34. As redress, the Plaintiff seeks "liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred" under 15 U.S.C. § 6851(b)(3)(A).

35. The Plaintiff also seeks a permanent injunction ordering the Defendant to cease display or disclosure of the visual depiction and to destroy it.

## COUNT II:
## 15 U.S.C. § 6851 – IMAGE #2

36. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

37. On or about September 12, 2023, Defendant Parsons transmitted a second image of the Plaintiff over the internet, via Facebook messenger, without the Plaintiff's consent.

38. The image, which depicts the Plaintiff fully nude from her backside, is an intimate visual depiction of the Plaintiff.

39. The Plaintiff did not consent to such disclosure.

40. Defendant Parsons knew he did not have the Plaintiff's consent to disseminate the image, but he did so anyway.

41. As a result of Defendant Parsons's unlawful dissemination of the image, the Plaintiff has suffered severe emotional and reputational harm.

42. Criminal charges were brought against the Defendant for causing or contributing to the Plaintiff's injury.

43. The conduct, transaction, or occurrence that gives rise to this cause of action for civil damages was the subject of a criminal prosecution commenced within one year by a law enforcement officer, a district attorney general, a grand jury.

44. This cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

45. Defendant Parsons is liable to the Plaintiff under 15 U.S.C. § 6851(b)(1)(A).

46. As redress, the Plaintiff seeks "liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred" under 15 U.S.C. § 6851(b)(3)(A).

47. The Plaintiff also seeks a permanent injunction ordering the Defendant to cease display or disclosure of the visual depiction and to destroy it.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. That proper service issue and be served upon the Defendant, and that the Defendant be required to appear and answer this Complaint within the time required by law;
2. That the Plaintiff be awarded all compensatory, consequential, and incidental damages to which the Plaintiff is entitled in the amount of $300,000.00.
3. That the Court tax costs to the Defendant;
4. That the Plaintiff be awarded reasonable attorney's fees and litigation costs under 15 U.S.C. § 6851(b)(3)(A)(i);
5. That this Court issue a permanent injunction ordering Defendant Parsons to cease

display or disclosure of the visual depictions and delete them pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii); and

6. That the Court award the Plaintiff all further relief that the Court deems proper.

> Respectfully submitted,
>
> /s/ Daniel A. Horwitz
> DANIEL A. HORWITZ, BPR #032176
> SARAH L. MARTIN, BPR #037707
> MELISSA K. DIX, BPR #038535
> HORWITZ LAW, PLLC
> 4016 WESTLAWN DR.
> NASHVILLE, TN 37209
> daniel@horwitz.law
> sarah@horwitz.law
> melissa@horwitz.law
> (615) 739-2888
>
> *Counsel for Plaintiff*