IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE, § § *Plaintiff,* § § v. § § BRETT DILLON PARSONS, § § *Defendant.* § | Case 2:24-cv-00075 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

## I. INTRODUCTION

This case involves two instances of non-consensual dissemination of intimate images—more commonly known as "revenge porn"—by a Defendant who has already been criminally prosecuted and found guilty for his misconduct. *See generally* Doc. 1; Doc. 1-2. The Plaintiff has sought relief under 15 U.S.C. § 6851, *et seq.*, which includes a provision expressly permitting courts to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). For the reasons detailed below, the Plaintiff should be permitted to proceed pseudonymously.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires "[t]he title of the complaint must name all the parties[.]" "Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing S. *Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981); and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

> Thus, "[t]his [rule] creates a strong presumption in favor of parties' proceeding in their own names." Plaintiff B. v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).
>
> A plaintiff can overcome this presumption and proceed anonymously if the court determines "plaintiff has a substantial privacy right which outweighs the customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Personal embarrassment alone is not for leave to proceed anonymously. *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (quoting *Frank*, 951 F.2d at 324). Courts must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (emphasis in original) (citing *Wynne & Jaffe*, 599 F.2d at 713).

*Doe v. Ghiorso*, No. 2:24-CV-57, 2024 WL 3511641, at *1 (S.D. Ga. July 23, 2024).

Applying these considerations under the relevant Sixth Circuit standard, courts

> [M]ay excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

### III.  ARGUMENT

The "Plaintiff has a substantial right to privacy under 15 U.S.C. § 6851." *Doe*, 2024 WL 3511641, at *2.  The Plaintiff also is a Tennessee crime victim with substantive state constitutional and statutory rights to be treated with dignity and compassion and to be free from harassment.  *See, e.g.,* Tenn. Code Ann. § 40-38-102(a)(1) ("All victims of crime and prosecution witnesses have the right to: (1) Be treated with dignity and compassion"); Tenn. Const. art. I, § 35 ("victims shall be entitled to . . . 2. The right to be free from

intimidation, harassment and abuse . . . .").

Here, the Plaintiff's Complaint alleges specific facts demonstrating that she is a victim of revenge pornography that humiliated her and exposed her to offense and embarrassment, all in violation of Tenn. Code Ann. § 39-13-605.  *See* Doc. 1; *see also* Doc. 1-1; Doc. 1-2.  In part because the harm associated with revenge pornography is that a victim is "identifiable[,]" *see* Tenn. Code Ann. § 39-17-318(a), courts have long permitted other plaintiffs to proceed under a pseudonym under materially similar circumstances. *See, e.g., Doe v. Hofstetter*, No. 11-CV-02209-DME-MJW, 2012 WL 3398316, at *1 (D. Colo. Aug. 14, 2012); *Doe v. Doe*, No. 16 CIV. 0332 (NSR), 2017 WL 3025885, at *6 (S.D.N.Y. July 14, 2017).

More recently, Congress enacted a federal statute conferring a federal cause of action enabling the Plaintiff to seek the relief she seeks here.  *See* 15 U.S.C. § 6851, *et seq*. That statute expressly authorizes courts to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."  15 U.S.C. § 6851(b)(3)(B).

15 U.S.C. § 6851(b)(3)(B) simplifies the inquiry here.  It reflects explicit congressional recognition that requiring a victim of revenge pornography to disclose her identity would deter victims from seeking redress and require them "to disclose information 'of the utmost intimacy[,]'" thereby meriting pseudonymous litigation. *Doe*, 370 F.3d at 560.  Put another way:

> Section 6851's very purpose is to protect against one's intimate matters being publicized, meaning that "revealing plaintiff's identity plainly will incur, and thus compound, the very harm [s]he already allegedly has suffered as a result of defendants' alleged disclosures." *Doe v. Willis*, No. 23-CV-2171, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023).

*Doe Williams v. Williams*, No. 3:24-CV-165-DPJ-ASH, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024).

For these reasons, no court ever appears to have denied a request to proceed pseudonymously in a Section 6851 case. *See id.* ("The Court has examined the few § 6851 cases addressing this issue, and none denied the request to proceed under a pseudonym."); *see also Ghiorso*, 2024 WL 3511641, at *2 ("Plaintiff's substantial right to privacy outweighs the customary presumption she would proceed in her own name. Accordingly, I GRANT Plaintiff's Motion."); *C.V. v. Carminucci*, No. 2:24-CV-2096 (JXN) (SDA), 2024 WL 3983007, at *2 (D.N.J. Aug. 28, 2024) ("Here, the Court finds good cause to allow Plaintiff to proceed under a pseudonym. First, Plaintiff's lawsuit seeks relief under 15 U.S.C. § 6851, which expressly provides that a plaintiff may proceed in litigation using a pseudonym. Second, even if the statute did not provide for such protection, the Court is also satisfied that the *Provident Life Factors* weigh in favor of proceeding under a pseudonym."); *Doe v. Willis*, No. 23-CV-2171-REB-SBP, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023) ("plaintiff should be permitted to proceed pseudonymously."). Given that linking the Plaintiff's identity to the harm she suffered would compound her injuries, this Court should not become the first. Accordingly, the Plaintiff's request to proceed under a pseudonym should be granted.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff should be granted leave to litigate her Section 6851 claims pseudonymously.

Respectfully submitted,

/s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
SARAH L. MARTIN, BPR #037707
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
sarah@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of October, 2024, a copy of the foregoing was sent via certified USPS mail, postage prepaid, the Court's electronic filing system, or via email to the following:

Brett Dillon Parsons
123 Waukesha Dr.
Crossville, TN 38572

*Pro se Defendant*

By:     /s/ Daniel Horwitz_____
            DANIEL A. HORWITZ, BPR #032176