**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:24-CV-00075** |
| **v.** | ) | |
| | ) | |
| **BRETT DILLON PARSONS,** | ) | |
| **Defendants.** | ) | |

# ANSWER

**COMES NOW** the Defendant, Brett Dillon Parsons, by and through counsel, and in answer to the complaint filed in this cause would state and aver as follows:

## I. INTRODUCTION

1. This paragraph requires no response. However, any allegation, express or implied, that the Defendant is liable to the Plaintiff is hereby denied, and the Defendant would demand strict proof of same.

2. The Defendant would deny there has been a final adjudication in his criminal case. The Defendant received judicial diversion. The Defendant would deny the remaining allegations of this paragraph and would demand strict proof of same.

## II. PARTIES

3. This paragraph is admitted.

4. This paragraph is admitted.

## III. JURISDICTION AND VENUE


Case 2:24-cv-00075 Document 18 Filed 12/03/24 Page 1 of 6 PageID #: 55

5. This paragraph requires no response. However, any allegation, express or implied, that the Defendant is liable to the Plaintiff is hereby denied and the Defendant would demand strict proof of same.

6. Jurisdiction is not contested at this time.

7. Venue is not contested at this time.

## IV. FACTUAL ALLEGATIONS

8. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

9. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

10. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

11. The allegations of this paragraph are denied, and the Defendant would demand strict proof same.

12. The allegations of this paragraph are denied, and the Defendant would demand strict proof same.

13. The Defendant expressly denies the cameras were hidden. That specific allegation is denied, and strict proof is demanded. As to the remaining allegations, due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the remaining allegations of this paragraph.

14. As noted above, the Defendant would submit the Plaintiff was aware the cameras were installed in this home and were capturing images. However, it is admitted the Defendant had no permission to disseminate any captured images.

15. Again, the Defendant would submit the Plaintiff was aware the cameras were installed in this home and were capturing images. However, it is admitted the Defendant had no permission to disseminate any captured images.

16. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the remaining allegations of this paragraph.

17. The Defendant is without sufficient information to admit or deny what the Plaintiff learned. Moreover, due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the remaining allegations of this paragraph.

18. This paragraph is admitted.

19. This paragraph is admitted.

20. This paragraph is admitted.

21. This paragraph is admitted. However, the Defendant would note he was granted judicial diversion for a period of eleven months and 29 days.

22. This paragraph is admitted.

## V. CAUSES OF ACTION
## COUNT I

23. This paragraph requires no response.

24. This paragraph requires no response.

25. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

26. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

27. It is admitted that the Plaintiff did not consent to any disclosure of images that may have been taken of her.

28. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

29. This paragraph is denied, and the Defendant would demand strict proof of same.

30. It is admitted that criminal charges were brought, and the Defendant was prosecuted. The Defendant cannot admit or deny the motivations for prosecuting this case. However, it is denied the Plaintiff suffered injury or damages, and strict proof of same is demanded.

31. It is admitted that the criminal prosecution was brought within one year of the alleged conduct by the Defendant.

32. It is admitted the Defendant was prosecuted and pled guilty to the charges set forth in Exhibit 2. However, it is denied the Plaintiff was injured or suffered actual damage.

33. This paragraph is denied, and the Defendant would demand strict proof of same.

34. This paragraph requires no response.

35. This paragraph requires no response.

**COUNT II**

36. This paragraph requires no response.

37. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

38. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

39. It is admitted that the Plaintiff did not consent to any disclosure of images that may have been taken of her.



Case 2:24-cv-00075 Document 18 Filed 12/03/24 Page 4 of 6 PageID #: 58

40. Due to Defendant's condition at the time, he has no recollection of those events, and thus cannot admit or deny the allegations of this paragraph.

41. This paragraph is denied, and the Defendant would demand strict proof same.

42. It is admitted that criminal charges were brought, and the Defendant was prosecuted. The Defendant cannot admit or deny the motivations for prosecuting this case. However, it is denied the Plaintiff suffered injury or damages, and strict proof of same is demanded.

43. It is admitted that the criminal prosecution was brought within one year of the alleged conduct by the Defendant.

44. It is admitted the Defendant was prosecuted and pled guilty to the charges set forth in Exhibit 2. However, it is denied the Plaintiff was injured or suffered actual damage.

45. This paragraph is denied, and the Defendant would demand strict proof of same.

46. This paragraph requires no response.

47. This paragraph requires no response.

## VI. PRAYER FOR RELIEF

The remaining allegations appear in the form of a general prayer for relief. Accordingly, no further answer is required. However, any allegation not expressly admitted or denied above is hereby denied and the Defendant would demand strict proof of same.

## AFFIRMATIVE DEFENSE NO. 1

The Defendant would submit the Plaintiff's claims are barred by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE NO. 2

To the extent the Plaintiff seeks actual damages, the Defendant would submit the Plaintiff's claims should be barred because she has failed to mitigate her damages.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant would move this Honorable Court to dismiss the foregoing complaint.

**RESPECTFULLY SUBMITTED** this the **3rd** day of **December, 2024**.

BRETT DILLON PARSONS

By: /s Michael R. Giaimo
MICHAEL R. GIAIMO, BPR#019394
Attorney for the Mr. Parsons
Crabtree & Patterson, P.C.
310 E. Broad Street, Suite A
Cookeville, Tennessee 38501
(931) 528-3330

## CERTIFICATE OF SERVICE

I, Michael R. Giaimo, do hereby certify that the foregoing answer has been filed pursuant to the CM/ECF mandatory electronic filing system and that true and exact copy same has been served upon all attorneys of record by electronic mail to the following:

Daniel A. Horwitz
Sarah L. Martin
Melissa K. Dix
4016 Westlawn Drive
Nashville, Tennessee 37209

Telephone: (615) 739-2888
Email: daniel@horwitz.law
sarah@horwitz.law
melissa@horwitz.law

*Attorneys for the Plaintiff*

This the 3rd day of December, 2024.

/s Michael R. Giaimo
MICHAEL R. GIAIMO